## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOSEPH BACA, III,**

    Movant/Defendant,

vs.                                           **CIVIL NO. 06-151 WJ/DJS**
                                                 Criminal No. 04-2095 WJ

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

Consolidated with

**ARTURO ULIBARRI,**

    Movant/Defendant,

vs.                                             **CIVIL NO. 06-152 WJ/LAM**
                                                 Criminal No. 04-2095 WJ

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

## **MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movants were arrested following a single criminal investigation and charged in separate cases. After conviction, each filed §2255 motions after retaining the services of the same attorney and the cases have been consolidated, as the facts underlying their convictions and the grounds upon which they seek relief from their sentences are the same. Movants are incarcerated as a result of their convictions pursuant to guilty pleas of one count each of conspiracy to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §846 and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(I). Pursuant to those convictions, Movants were sentenced to a term of incarceration of one hundred and six months to be followed by three years of supervised release.

2. By the instant motion Movants assert that their guilty pleas were involuntary due to their misunderstanding of the nature of the charge and of the consequences of their pleas. The further assert that they were afforded ineffective assistance of counsel because their attorneys misinformed them of the nature of the charges against them and the consequences of their pleas. They also contend that their attorneys were ineffective for negotiating plea agreements that waived a meritorious sentencing argument regarding an agreement to conduct a future cocaine sale.[2] In addition, Movants assert that their attorneys were ineffective for failing to pursue pre-trial motions regarding entrapment and outrageous government conduct and for failing to investigate or pursue meritorious arguments regarding sentencing factor manipulation.

3. Movants did not file direct appeals of their convictions and sentences, as the plea agreements they entered into specifically waived their rights to appeal the conviction and any sentence within the Sentencing Guideline range. Respondent asserts that Movants' claim that their

---

[2]In their reply, Movants concede that this claim should be withdrawn. Accordingly, it is not addressed in these proposed findings.

plea was not knowing and voluntary is procedurally barred because it was not raised on direct appeal. Movants contend that the procedural bar does not apply because they challenge the validity of the very agreement that contains the waiver. In support of this contention, Movants cite United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). However, Movants misread Clingman. That case stands for the proposition that the waiver of the right to bring a collateral attack against a conviction does not bar an ineffective assistance of counsel claim brought pursuant to §2255. Clingman, 288 F.3d at 1186. The opinion does not address waiver of appellate rights. However, the Tenth Circuit Court of Appeals has held that an appellate waiver contained in a plea agreement can be overcome if the plea was involuntary, for example, if ineffective assistance of counsel in connection with the negotiation renders the waiver invalid. United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir.2004) (*en banc*) (*per curiam*). Further, ineffective assistance of counsel claims are generally only considered on collateral review. Id. at n. 13. Therefore, if Movants prevail on their ineffective assistance of counsel arguments, they might overcome the procedural bar to their challenge that their guilty pleas were not knowing and voluntary.

    4. Movants' ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires them to show that their counsels' representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. In the context of a guilty plea, in order to establish prejudice Movants must

3

show that "[they] would not have pleaded guilty and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001). Although they do not have to show that they would have prevailed at trial, their prospects of succeeding inform the Court's view of whether they would have gone to trial. United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir.2002).

5. Movants contend that their attorneys failed to pursue the meritorious defenses of subjective entrapment. Movants contend that "subjective entrapment" or "sentencing entrapment" is different from a defense of outrageous government conduct. However, in United States v. Romero, 85 Fed.Appx. 178, 179-80 (10th Cir. 2004)(unpublished disposition), the Tenth Circuit Court of Appeals has analyzed claims that government agents failed to arrest a drug dealer following a first sale and delayed arrest in order to increase the amount of contraband at issue, and thus the sentence, under the outrageous government conduct standard, citing United States v. Scull, 321 F.3d 1270, 1276 n. 3 (10th Cir. 2003) ("Other courts have addressed this issue under the rubric 'sentencing entrapment' or 'sentencing factor manipulation.' This court addresses the same concept under the appellation of 'outrageous governmental conduct.' "). The Tenth Circuit has also held that "[a]rguments presented as 'sentencing factor manipulation' or 'sentencing entrapment' are analyzed under the 'outrageous conduct' standard that is invoked to prevent the government from prosecuting a crime developed through egregious investigatory tactics." United States v. Rice, 100 Fed.Appx. 739, 743 (10th Cir. 2004)(unpublished disposition). Accordingly, the question is whether counsel were ineffective for failing to raise a defense that, under the totality of the circumstances in any given case, the government's conduct was so shocking, outrageous and intolerable that it offends the universal sense of justice. United States v. Lacey, 86 F.3d 956, 964 (10th Cir.1996).

6. Movants assert that no law enforcement purpose could have been served by increasing the quantities of drugs sold by them to the undercover agent, except to make their punishment more

harsh and dispute the United States' response that the purpose for further sales was to find the supplier of the drug. However, "it is not outrageous for the government ... to induce a defendant to repeat, continue, or even expand previous criminal activity." United States v. Pedraza, 27 F.3d 1515, 1521 (10th Cir.1994). Law enforcement officers are often justified in increasing the scope of criminal activity, especially when attempting to ensnare those persons higher up in the criminal enterprise. Lacey, 86 F.3d at 965. The mere fact that the undercover agent admitted that he was trying "to work up larger amounts" of drugs does not render the government's conduct shocking to the conscience, nor does it constitute *per se* entrapment. Counsels' failure to raise this defense did not fall below an objective standard of reasonableness and, if raised, was not likely to induce cause Movants to proceed to trial, rather than pleading guilty.[3]

    7. Movants also argue that their attorneys provided them with inaccurate advice that they were subject to three separate charges pursuant to 18 U.S.C. §924( c) for the possession of three firearms during and in relation to a single drug trafficking offense. Movants assert that they were, in fact, facing only one §924( c) count and only one potential sentencing enhancement. Movants further assert that there is a reasonable probability that they would not have accepted the plea offer, but rather proceeded to trial. Pleading guilty entails inherent risk that good faith evaluation of reasonably competent attorney will turn out mistaken either as to the facts or as to what the court's judgment might be on a given set of facts. See United States v. Broce, 488 U.S. 563, 572 (1989). Further, the alleged error of counsel is insufficient to establish prejudice under the Strickland

---

[3] Movants also argue that sentencing entrapment should have been raised at sentencing. However, absent a showing that their guilty pleas were rendered involuntary due to ineffective assistance of counsel, they waived this argument under the terms of their plea as discussed in ¶3. It is "ineffective assistance of counsel in connection with the negotiation of the waiver " that can "render[ ] the waiver invalid." United States v. Hahn, 359 F.3d at 1327 (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001))

standard.

8. "[A] petitioner's 'mere allegation' that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller, 262 F.3d at 1072. Movants assert that they thought they were facing fifty-some years imprisonment based upon their counsels' advice, but instead were facing something closer to ten years imprisonment. The Court notes that "standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary." United States v. Silva, 430 F.3d 1096, 1099 (10th Cir.2005) At the guilty plea proceeding Movant Baca disputed a portion of the government's proffer of fact, but then admitted the government could prove the essential elements of the charges to which he was pleading guilty in the face of the prosecutor's stated desire to go to trial. Transcript of 10/29/04 Plea Hearing, p. 30. Shortly before that, Movants stated that they were pleading guilty in order to obtain shorter sentences, in the case of Movant Baca "Seven to ten years", Id. at 29, which were in fact the sentences they received. At the plea hearing, Movants were informed that they were facing a maximum statutory penalty of twenty years imprisonment on the first count of the information and five years, served consecutively to the sentence from the first count, on the second count of the information. Id. at 10. Had Movants insisted on going to trial, they would have lost the benefit of acceptance of responsibility in their sentencing calculation and undoubtedly been convicted of the charges to which they pleaded guilty, as well as facing additional charges apart from the additional §924( c) counts which might have been dismissed.  Consequently, their attorneys' failure to advise them correctly regarding the multiple §924( c) charges did not render their guilty pleas involuntary.

**RECOMMENDED DISPOSITION:**

That the §2255 motions be dismissed with prejudice.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**